**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CIVIL ACTION NO. AW-09-3283 |
| | * | |
| $25,790 U.S. CURRENCY, | * | |
| | * | |
| Defendant. | * | |
| | * | |

************************************************************************

## MEMORANDUM OPINION

Plaintiff United States of America ("United States") brings this forfeiture action against Defendant $25,790 U.S. Currency ("Defendant currency"), pursuant to 28 U.S.C. § 1345, 1355(a) (2006), and 21 U.S.C. § 881(a)(6) (2006). Currently pending before this Court is the United States' Motion to Strike Answer (Doc. No. 4) and Motion for Default Decree of Forfeiture (Doc. No. 5). The Court has reviewed the entire record on the instant motions and, having been fully briefed by the parties, no hearing is necessary and both are now ripe for ruling. For the reasons stated below, the Court will GRANT both of the United States' motions.

## I. FACTUAL & PROCEDURAL BACKGROUND

The following facts have not been addressed or challenged by putative claimant Herman Malone ("Malone") in his submissions to the Court in this matter. This is a forfeiture case arising from funds seized from Malone during a traffic stop on April 1, 2009, in Prince George's County, Maryland. A narcotics canine was dispatched to the scene, and a search of the vehicle revealed drugs and the Defendant currency. An ion scan of the Defendant currency was conducted by Prince George's County Police Department, which indicated high levels of cocaine

residue.

The Verified Complaint for Forfeiture was filed on December 9, 2009. The Defendant currency was arrested on December 22, 2009. On December 23, 2009, the United States sent via certified mail a Notice of Complaint for Forfeiture to Harry Tun, attorney for Malone. Included in this mailing was a notification that Malone must file a verified claim within thirty-five (35) days after the date of notice, i.e., thirty-five (35) days after December 23, 2009. Mr. Tun was informed of the Notice by the Postal Service, but never accepted. On January 5, 2010, the Postal Service left a final notice, and held the package until February 11, 2010. Finally, on February 17, 2010, the Postal Service returned the Notice to the United States, Mr. Tun never having accepted it.

On January 22, 2009, the United States e-mailed the Verified Complaint and other documents to Mr. Tun. He then confirmed receipt and requested an extension of the time to reply, which the United States granted. The new date for Malone's response was set for February 26, 2010, which was exactly thirty-five (35) days following Mr. Tun's confirmation of receipt of the Verified Complaint via electronic mail. Three days following February 26, on March 1, 2010, Malone filed a Verified Answer through his counsel, Mr. Tun.

In addition to the certified and electronic mailings, the United States asserts that official notice of the forfeiture case was posted on an official government internet site (www.forfeiture.gov) for thirty (30) consecutive days beginning January 23, 2010, pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Actions [hereinafter Supplemental Rule(s) or Supp. R.]. Additionally, the United States asserts that beginning on December 23, 2009, notice was published in a newspaper of general circulation for thirty (30) consecutive days, pursuant to Supplemental Rule G(4)(a), although the United States

did not specify the name of the newspaper.

Finally, a Verified Claim, as required by 18 U.S.C. § 983(a)(4) (2006) and Supplemental Rule G(5), was filed by Malone on June 8, 2010, 102 days after the February 26, 2010, deadline agreed to by the United States, and ninety-nine (99) days after the filing of the Verified Answer.

## II.  ANALYSIS

### 1.  Applicable Standards and Procedural Requirements.

As mandated by 21 U.S.C. § 881(a)(6), "all money . . . or things of value furnished or intended to be furnished by any person in exchange for a controlled substance . . . [or] proceeds traceable to such an exchange" of a controlled substance in violation of this provision shall be forfeited. Most forfeiture cases, such as the instant action, are *in rem* civil actions instituted by the government against the property at issue. As such, the property is the defendant in the action, and the government is the plaintiff. *See Via Mat Int'l. S. Am. v. United States*, 446 F.3d 1258, 1264 (11th Cir. 2006) (stating that a civil forfeiture proceeding is not an action against the claimant, but rather an *in rem* action against the property). The party claiming the property, however, is merely a third-party intervener, not a party to the action. *See United States v. One-Sixth Share*, 326 F.3d 36, 40 (1st Cir. 2003) (holding that since civil forfeiture actions are brought against property, not people, the owner of the property must intervene in the case to protect his interest).

Under the Supplemental Rules,[1] "[a] person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending." Supp. R. G(5)(a)(i); *see also* 18 U.S.C. § 983(a)(4)(A) (stating a person may claim an interest in seized property in a "manner set forth in the [Supplemental Rules] . . . ."). The government may set the deadline for filing a Verified Claim at least thirty-five (35) days from the date it sends

---

[1] The Supplemental Rules govern *in rem* forfeiture actions. Supp. R. A(1)(B).

notice of the proceeding to a potential claimant. Supp. R. G(4)(b)(ii). Further, "[a] person asserting an interest in seized property . . . shall file an answer to the Government's complaint for forfeiture not later than 20 days *after the date of the filing of the claim.*" 18 U.S.C. § 983(a)(4)(B) (emphasis added); *see also* Supp. R. G(5)(b) (giving a claimant twenty-one (21) days to serve and file an answer to the complaint after the filing of a claim).

These requirements must be strictly enforced. *See United States v. $1,437.00 in U.S. Currency*, 242 F. Supp. 2d 193, 196 (W.D.N.Y. 2002) (granting a motion for default judgment where claimant did not file a claim and filed a late answer). Without filing a claim and an answer in a timely manner and under the proper procedures set forth in the Supplemental Rules a potential claimant lacks statutory standing to assert his or her claim. *United States v. $487,825.00*, 484 F.3d 662, 665-66 (3d Cir. 2007) (holding claimant lacked statutory standing for failure to comply with the Supplemental Rules when claimant filed an answer but no verified claim and, thus, the district court properly granted a default judgment); *United States v. $5,730.00 in U.S. Currency*, 109 Fed. App'x 712, 714 (6th Cir. 2004) (finding that claimant who filed an answer but no claim lacked statutory standing). Thus, if a claimant has failed to file a qualifying claim within the time limits allowed by law, the district court should strike the answer on the pleadings and enter a default judgment for the government. *See United States v. $23,000*, 356 F.3d 157, 163 (1st Cir. 2004) (affirming a default judgment against the claimant who filed an answer, but not a claim); *United States v. $11,918.00*, 2007 WL 3037307, at *7 (E.D. Cal. Oct. 17, 2007) (granting motion to strike answer for failure to comply with Rule G(5) and entering default judgment; an answer filed without a verified claim is "immaterial and impertinent").

> **2. Malone Lacks Standing for Failure to Comply with the Applicable Procedural Requirements.**

In the case before the Court, Malone lacks standing for failure to comply with the procedural requirements of the Supplemental Rules. Malone relies on *United States v. $38,000 in U.S. Currency*, 816 F.2d 1538 (11th Cir. 1987), for the proposition that standing is conferred on a claimant simply by being an owner of the property in question. But, as the United States points out in its reply, this section of the Eleventh Circuit's ruling is about Article III standing, not statutory standing, the latter of which is at issue in this case. *See $38,000 in U.S. Currency*, 816 F.2d at 1544 ("In addition to establishing Article III standing, claimants also must satisfy applicable statutory standing requirements."). Thus, the argument that simply being an owner of the property at issue establishes standing, and thus would negate the need for a verified claim, is unpersuasive to the Court.

Malone further argues that the Eleventh Circuit held that "while a claimant 'has a duty to establish statutory standing, the fact that the claimant has not yet done so is not grounds for dismissal.'" (Doc. No. 8 ¶ 12 (quoting *$38,000 in U.S. Currency*, 816 F.2d at 1545).) This argument, however, is a misstatement of the Eleventh Circuit's holding. In *$38,000 in U.S. Currency*, the court stated, "[u]nlike the omnipresent Article III standing requirements, . . . statutory standing requirements, such as those in the Supplemental Rules, are implicated only when, and as, the statute itself provides. In particular, until a claimant has a duty to establish statutory standing, the fact that the claimant has not yet done so is not grounds for dismissal." *$38,000 in U.S. Currency*, 816 F.2d at 1545. In that case, the government had not properly executed process, and thus, no duty to establish statutory standing had fallen on the claimant. *Id.* at 1545-46. Here, the Court is confronted with a much different case. There is no dispute that the United States has complied with its statutory requirements under the Supplemental Rules (or any other statute, for that matter). In fact, the United States gave an extension of time beyond what it

was arguably required to give. Thus, the *$38,000 in U.S. Currency* court's holding on this point is inapposite to the instant case.

Further, § 983 and the Supplemental Rules make very clear that a claim must be filed *before* an answer. A claim and an answer serve two different purposes. *See United States v. U.S. Currency in the Sum of $261,480*, No. 00-3028, 2002 WL 827420, at *1 n.3 (E.D.N.Y. May 2, 2002). A claim forces the party contesting forfeiture to swear that he has an interest in the property, while an answer requires the claimant to state defenses and to admit or deny the plaintiff's averments. *Id.* A claim is an important safeguard against the filing of false or frivolous claims because the government has an opportunity to know the nature of the interest in the property at the outset of the forfeiture action and to commence discovery, in accordance with Supplemental Rule G(6), to verify that interest. *See United States v. $100,348*, 354 F.3d 1110, 1118-19 (9th Cir. 2004) (holding that because the danger of false claims in forfeiture proceedings is substantial, courts require more than "conclusory or hearsay allegations of some interest in the forfeited property."). An answer, however, is not adequate to endow the government with knowledge of ownership; only a verified claim can do that. *Cf. United States v. $10,000 in U.S. Currency*, No. 07-437, 2008 WL 1944562, at *4 (D. Neb. Apr. 30, 2008) (stating that only by filing a claim can a person put his ownership clearly in issue). Accordingly, due to their different purposes, and because of the need to strictly comply with the Supplemental Rules, an answer without a claim cannot satisfy the notice-of-claim requirements. *See United States v. 27 Assorted Firearms*, No. 05-407, 2005 WL 2645010, at *3 (W.D. Tex. Oct. 13, 2005) (declining to treat putative claimant's answer as a substitute for his missing claim because the answer was not verified and did not state the claimant's interest in the property). If an answer was adequate to do so, then there would be little need to adhere to the requirements of

Supplemental Rule G, which as other courts have made clear must be strictly enforced. As a result, the Answer in this case cannot substitute for a verified claim to provide Malone statutory standing, as Malone asserts. Because the Answer came before the filing of the Verified Claim, it does not comply with the Supplemental Rules, and must be struck. The Court, therefore, grants the United States' Motion to Strike the Answer.

Over 100 days have passed from the claim-filing deadline until the time Malone actually did so—and this was after the deadline was *extended*. *See United States v. Borromeo*, 945 F.2d 750, 755 (4th Cir. 1991) (Wilkinson, J., concurring) ("[T]he intent of Supplemental Rule [G(5)] plainly is that claimants who fail to timely file forfeit their claims unless they possess an adequate excuse. . . . Allowing a late filing . . . would subvert the strict time limits established by Supplemental Rule [G(5)] and encourage claimants to litigate every untimely filing in a forfeiture case."); *United States v. $48,000 in U.S. Currency*, No. 06-10952, 2007 WL 1467158, at *3 (E.D. La. May 18, 2007) (citing *Borromeo*, 945 F.2d at 755). Malone asserts that it was impossible for him to file on time because the filing deadline was over a weekend and his attorney was busy preparing for trial. But the deadline was on a Friday, and Malone had until the end of that day to submit his claim, and then 20 days from that time to file an answer. Malone had thirty-five (35) days to file a claim from the date of service—of which weekend days are included—but did not do so. And when a filing was made, it was the wrong filing—as stated previously, an answer can only come after a verified claim. Moreover, Malone offers no explanation as to why 100-plus days elapsed between the deadline to file a claim and the actual filing of the claim, or why no extension of time was requested before the original deadline elapsed. Thus, the Verified Claim filed by Malone is untimely and, accordingly, the Court grants the United States' Motion for Default Decree of Forfeiture.

**III.    CONCLUSION**

Malone did not comply with the timing and pleading requirements of § 983 or the Supplemental Rules because his Verified Claim was filed well after the deadline and his Answer was filed out of order and late. He therefore lacks standing and cannot properly be considered a claimant in this action. Thus, his Answer must be struck. Also, as no other claimants have filed a claim in this action, a default decree of forfeiture in favor of the United States is granted. Therefore, for the foregoing reasons, the Court will GRANT the Government's Motion to Strike Answer and Motion for Default Decree of Forfeiture.  A separate Order will follow.


___July 1, 2010___                                      _____/s/_____
         Date                                            Alexander Williams, Jr.
                                                         United States District Judge